# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| ELEXIS SMITH-CLAYBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:08CV0003 MLM |
| | ) | |
| PENNY SCHONEBOOM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Elexis Clayborn (registration no. 32132-044), an inmate at Lexington FMC, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $35.15. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $175.46, and an average monthly balance of $16.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $35.15, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged interference with her right of access to the courts. Named as defendants are Penny Schoneboom (Mail Room Supervisor, Women's Eastern Reception, Diagnostic and Correctional Center), David Stevenson (Housing Unit Parole Officer), Lori Epperson (Housing Unit Grievance Officer), Robert Capowsi (Assistant Superintendent), and Patricia Cornell (Assistant Division Director). The complaint seeks injunctive and monetary relief.

Plaintiff alleges that on February 7, 2006, defendant Stevenson delivered to her a package sent by the United States Probation Office, which contained her federal presentence report for the case of *United States v. Clayborn*, 4:05CR312 ERW (E.D. Mo.). Plaintiff claims that the package was dated October 13, 2005. Plaintiff's

sentencing in the federal criminal case was held on December 9, 2005, which was after the presentence report was sent but before it reached plaintiff.

The reason that the presentence report did not immediately reach plaintiff is evident from the materials attached to the complaint. Plaintiff used the name "Elexis Clayborn" in her federal criminal case, and that is the name to whom the United States Probation Office sent the presentence report. However, plaintiff was known to the Missouri Department of Corrections as "Elexis Smith." Additionally, the package showed plaintiff's federal prison registration number, which is different than the registration number used by MoDOC. Finally, the package was addressed to MoDOC's Central Office and not to WERDCC. As a result, MoDOC did not know that the package was for plaintiff until it was investigated. And it appears from the attached materials that the WERDCC defendants gave the package to plaintiff as soon as they received it.

Plaintiff was represented by counsel in the federal criminal case. On October 26, 2005, plaintiff, through counsel, filed her acceptance of the presentence report.

Plaintiff's only allegations against defendants Epperson, Capowsi Schoneboom, and Cornell are that these defendants denied her grievances.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, the complaint is legally frivolous as to defendants Epperson, Capowsi Schoneboom, and Cornell because a prisoner does not have a constitutional right to have grievances resolved in her favor.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged that she suffered an actual injury as a result of the delay in receiving her presentence report.

Consequently, plaintiff has failed to state a claim for denial of her right of access to the courts.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $35.15 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>24th</u> Day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE